**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kyle Allen BERTRAM, Defendant–Appellant.**

No. 14–30220.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2015.*

Filed Sept. 1, 2015.

Caitlin Ann Baunsgard, United States Attorney's Office, Spokane, WA, for Plaintiff–Appellee.

Douglas Dwight Phelps, Phelps & Associates, PS, Spokane, WA, for Defendant–Appellant.

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Kyle Allen Bertram appeals from the district court's judgment and challenges his guilty-plea conviction and 84–month sentence for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Bertram's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Bertram the opportunity to file a pro se supplemental brief. No pro se supplemental brief has been filed. The government has filed a motion for summary affirmance.

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief as to Bertram's conviction. We, therefore, grant the government's motion for summary affirmance as to Bertram's conviction.

Bertram waived the right to appeal his sentence. Because the record discloses no

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

arguable issue as to the validity of the sentencing waiver, we dismiss Bertram's appeal as to his sentence. *See United States v. Watson,* 582 F.3d 974, 986–88 (9th Cir.2009).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.